### BERG v. FRIEDMAN.
#### No. 2605.
#### Circuit Court of Appeals, First Circuit.
#### June 27, 1932.

Elbridge R. Anderson and Benjamin Levin, both of Boston, Mass. (Alfred Sigel, of Boston, Mass., on the brief), for appellant.

Damon E. Hall, of Boston, Mass. (Lee M. Friedman, pro se, and Percy A. Atherton, both of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORTON, District Judge.

MORTON, Circuit Judge.

The plaintiff in December, 1921, transferred by a written instrument certain securities, then held for his account, to the defendant as "trustee for the People's National Bank of Boston, and the C. Bockius Company of Philadelphia, and John E. Kerr of New York." The three parties named were creditors of the plaintiff having claims against him which admittedly amounted to more than $82,000. In addition the plaintiff owed the defendant's firm, Friedman & Atherton, over $15,000 for legal services.

In August, 1920, the plaintiff had gone to Europe on business and did not return for two or three years. The trust instrument was executed while he was abroad. The defendant had acted as counsel for him in other matters, and did so in this one. From the securities so transferred to him, the defendant received $79,756, which by the terms of the trust he was to pay to the three creditors named in the trust instrument. He suggested to them that his firm was also owed a large bill by the plaintiff, and that it would be fair for them to permit him to pay his firm $8,589 on account of its bill.

The three creditors assented to his doing so. That amount was accordingly deducted, and the balance of the fund was distributed pro rata among the three creditors, the distribution being made on June 7, 1923. The plaintiff was immediately informed in detail of what had been done. He did not sign the instruments of assent which were forwarded to him. But he expressed no disapproval until the fall of 1925 when he said to Friedman that the latter ought to have waited for his pay. The present suit was not brought until October 1928.

That defendant as assignee of his firm then brought a cross-action at law to recover the balance due on their bill for legal services. In that action the present plaintiff was credited with the $8,589 payment above stated. He appeared and defended it, making no objection to the credit. The District Judge found for Friedman in the amount of $8,674 above all credits and gave judgment for that amount with interest and costs. No appeal was taken, and that judgment stands.

In the case before us various objections were made by the plaintiff to the defendant's conduct in the matter, some of them of rather technical character considering that all the money was paid on account of the plaintiff's debts. The District Judge after a full hearing, at which much oral and documentary evidence was introduced, found for the defendant, stating his conclusions and his reasons in a thorough and able opinion with which we agree.

Accepting the facts as found by the District Judge, the only point which requires comment is the plaintiff's claim to interest on the $8,589 from the date when the defendant paid it to himself (or his firm) on account of their bill, until the date, some five years later, when Friedman brought his action against the present plaintiff. No bill appears to have been sent by Friedman & Atherton, and no demand was made by them for payment until shortly before the action at law was begun. The plaintiff's position is that Friedman had no right under the terms of the trust to take the money for his own bill; that his doing so constituted in law a conversion of the fund; that the plaintiff is entitled to interest on the amount taken from the date of the conversion; and that, as Friedman & Atherton's bill against the plaintiff did not begin to draw interest until 1928, there is no offsetting interest in the defendant's favor.

The plaintiff's contention is right as far as it goes. But it overlooks the fact that the interest would be an accretion to the principal of the trust fund and as such would belong, not to the plaintiff, but to the cestuis, i. e., the three creditors named in the instrument creating the trust. In the plaintiff's brief it is conceded, as the District Judge has found, that the plaintiff is still indebted to the Kerr estate, and to the People's National Bank, or its successor. This being so, any increment of the fund would prima facie belong to them, not to the plaintiff. Their assent to Friedman's making the partial payment to himself from the trust fund at their expense did not imply that they relinquished their rights in it in favor of Berg. It was a relinquishment in favor of Friedman & Atherton only, that they, being also creditors of Berg, might also share in the fund. The allegation in the bill of complaint that neither the bank nor the Kerr estate has any interest in the subject-matter of the suit is not borne out by the facts. They were indispensable parties. The District Judge correctly ruled, "This fact alone would defeat the plaintiff's rights to prevail in these proceedings." It is unnecessary to express an opinion whether the plaintiff's acceptance of $8,589 credit in the action at law against him amounted to a ratification of the payment as of the time when the payment was made.

The decree of the District Court is affirmed, with costs to the appellee.